UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY CHANDLER SPRADLIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY JAIL, *et al*,<br><br>　　　　　　Defendants. | Case No.  C07-5236FDB-KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for October 19, 2007 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.  Because plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court deny his application.

## DISCUSSION

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the Court has broad discretion in denying an

REPORT AND RECOMMENDATION
Page - 1

1  application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*,
2  375 U.S. 845 (1963).

3        Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when
4  a prisoner is able to pay the initial expenses required to commence a lawsuit.  See Temple v. Ellerthorpe,
5  586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v.
6  Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973),
7  *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

8        On May 9, 2007, the Clerk received plaintiff's complaint and application to proceed *in forma*
9  *pauperis*. (Dkt. #1).  On May 15, 2007, the Clerk sent plaintiff a letter informing him that he must provide
10 a copy of his prison trust account statement showing transactions for the past six months by June 14,
11 2007, or this matter could be subject to dismissal. (Dkt. #2).  On July 6, 2007, the undersigned issued an
12 order to show cause, informing plaintiff that pursuant to 28 U.S.C. § 1915(a)(2):

13     A prisoner seeking to bring a civil action or appeal a judgment in a civil action or
    proceeding without prepayment of fees or security therefor . . . shall submit a certified
14     copy of the trust fund account statement (or institutional equivalent) for the prisoner for
    the 6-month period immediately preceding the filing of the complaint or notice of
15     appeal, obtained from the appropriate official of each prison at which the prisoner is or
    was confined.
16

17 (Dkt. #3).  The undersigned further informed plaintiff thus that while was required to submit a statement
18 showing the balance and activity of his account for the six-month period immediately preceding the filing
19 of his complaint, as of the date of the order to show cause, he had not done so.   The undersigned gave
20 plaintiff until August 6, 2007, to cure this deficiency.  To date, however, plaintiff has not done so, or filed
21 a response to the undersigned's order to show cause.

22 CONCLUSION

23       Because plaintiff has failed to respond to the Court's order to show cause regarding the deficiency
24 in his application to proceed *in forma pauperis*, the undersigned recommends the Court dismiss plaintiff's
25 complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the Court's order.

26       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),
27 the parties shall have ten (10) days from service of this Report and Recommendation to file written
28 objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those
   objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

REPORT AND RECOMMENDATION
Page - 2

imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **October 19, 2007**, as noted in the caption.

Dated this 20th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge